IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHNNIE BANKSTON, # R-16224** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-1272-SMY |
| | ) | |
| **IDOC,** | ) | |
| **M. NOLEN,** | ) | |
| **B. ROCKWELL,** | ) | |
| **and KURTIS HURTER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff is currently incarcerated at Pontiac Correctional Center ("Pontiac"), where he is serving two ten-year sentences. Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at the Shawnee Correctional Center ("Shawnee"). He claims that Defendants violated his constitutional rights by failing to process a number of grievances he filed to complain about conditions of his confinement and alleged misconduct of other officials at Shawnee. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

In his complaint, Plaintiff describes seven different institutional grievances he filed between March and October 2015, all of which "disappeared" without any response. The matters raised in these grievances included the denial of religious publications, a problem with the librarian, a complaint on behalf of another inmate, a racial comment made by an officer who denied Plaintiff a meal, complaints about the grievance officers, and the alleged denial of due process in a disciplinary hearing where Plaintiff was punished with the loss of 30 days good time

(Doc. 1, pp. 5-6).  As to that disciplinary hearing, he complains that he was not given proper notice or allowed to add witnesses, and was not allowed to effectively challenge his ticket for fighting.

Plaintiff invokes the First, Fifth, Eighth, and Fourteenth Amendments to argue that he has the right to seek relief through the grievance process, but has not been allowed to do so. According to Plaintiff, his inability to file and process his grievances has "deprive[d] [him] the liberty to communicate with the court" (Doc. 1, p. 9).  He names as Defendants two grievance officers (Nolen and Rockwell) and the warden (Hurter), as well as the Illinois Department of Corrections (IDOC).

Plaintiff seeks injunctive relief as well as damages (Doc. 1, p. 8).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit."  *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

After fully considering the allegations in Plaintiff's complaint in light of the applicable law, the Court concludes that this action is subject to summary dismissal.

Although Plaintiff does not mention it in the instant complaint, he filed three other separate actions in this Court on the same day that this complaint was filed. Case No. 15-cv-1273-JPG (*Bankston v. IDOC & Hurter*) concerns the denial of Plaintiff's transfer request. Case No. 15-cv-1274-SMY (*Bankston v. IDOC & Hamilton, et al.*) challenges the manner in which Plaintiff's disciplinary report for fighting was handled, and his loss of good conduct credits. Case No. 15-1275-NJR (*Bankston v. IDOC & Baldwin, et al.*) concerns the denial of religious services for Plaintiff and others of his faith, and the denial of a religious diet. Plaintiff's successful filing of these cases negates his contention that he was denied the "liberty to communicate with the court," as he puts it.

It appears that the due process claim raised in Case No. 15-cv-1274-SMY concerns the same disciplinary matter that was the subject of one grievance mentioned in the instant case. There may also be overlap between the religious claims in Case No. 15-cv-1275-NJR and the grievance mentioned herein over religious publications.

The only claim Plaintiff raises in the instant case is that the prison officials responsible for processing his many grievances failed to do so – he never received responses to those grievances, and concludes that they "disappeared." However, the failure to properly handle

prisoner grievances does not violate any constitutional rights.

Plaintiff appears to believe that his inability to obtain a response to the grievances listed in his complaint bars him from bringing a lawsuit over the matters contained in those grievances. It is true that Plaintiff's efforts to exhaust his administrative remedies by using the prison grievance process will be relevant in the event that a Defendant raises a challenge to Plaintiff's ability to maintain a § 1983 suit over the substantive matters raised in the grievances. *See* 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). Exhaustion of the prison's administrative remedies is a prerequisite to filing a lawsuit – but if the prisoner can prove in a particular case that the grievance process was unavailable to him, his lawsuit may still proceed. Administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

Regardless of whether or not the responsible officials stymied Plaintiff's attempts to exhaust his administrative remedies through the grievance procedure, the Defendants' action or inaction in handling Plaintiff's grievances does not support an independent constitutional claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). The breakdown of the grievance procedure likewise does not implicate any of the other constitutional provisions invoked by Plaintiff.

Plaintiff accuses Defendants Nolen and Rockwell only of failing to respond to his grievances, and does not claim that they participated in any of the incidents (for example, the

denial of religious material or the disciplinary action) that prompted him to file the grievances in the first place. The Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli*, 81 F.3d at 1430.

For all the above reasons, the failure of Defendants Nolen and Rockwell to properly handle Plaintiff's grievances did not violate the Constitution. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.

Plaintiff appears to have included Defendant Hurter (Shawnee Warden) only because he is the chief administrative officer of the prison (Doc. 1, p. 2). However, he does not include any allegations against Defendant Hurter in the body of his complaint. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Further, a warden cannot be held liable in a civil rights claim merely because of his supervisory authority. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (the doctrine of *respondeat superior* is not applicable to § 1983 actions). The bottom line is that the complaint does not describe any conduct on the part of the individual Defendants that violated Plaintiff's constitutional rights; this action shall therefore be dismissed with prejudice pursuant to § 1915A.

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. All pending motions are **DENIED AS MOOT**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 11, 2015**

                                                    s/ STACI M. YANDLE
                                                    United States District Judge